# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-395-RJC-DCK

| | |
|---|---|
| MELINDA BRUCE, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| SAIA MOTOR FREIGHT LINE, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

On July 17, 2015, Melinda Bruce ("Plaintiff"), appearing *pro se*, filed a letter construed as a "Complaint" (Document No. 1-1, p.4) in the Superior Court of Mecklenburg County, North Carolina against Saia Motor Freight Line, LLC ("Defendant" or "Saia"), incorrectly denominated as Saia LTL Freight. (Document No. 1). The Complaint alleges that Plaintiff experienced harassment and discrimination "while working for Weiser Security at Saia Motor Freight." (Document No. 1-1, p.4). Attached to the Complaint is a "Dismissal And Notice Of Rights" (Document No. 1-1, p.6) from the U.S. Equal Employment Opportunity Commission ("EEOC") indicating that Plaintiff's "Charge Of Discrimination" (Document No. 1-1, p.8) "was not timely filed with EEOC" and the EEOC was closing its file on Plaintiff's charge.

On August 28, 2015, Defendant filed its "Notice Of Removal" (Document No. 1) with the Court asserting that Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and thus this Court has federal question jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331. (Document No. 1, p.2). "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 2) was also filed on August 28, 2015. Defendant asserts that dismissal of this lawsuit is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Document No. 2).

The Court sent Plaintiff two "Roseboro Notices" advising her that she had a right to respond to the motion to dismiss, and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit. (Document Nos. 6 and 7). Plaintiff filed a timely "Response" (Document No. 8) on November 30, 2015.

"Defendant's Reply To Plaintiff's Response To Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9) was filed on December 2, 2015. The next day, the pending motion was referred to the undersigned. As such, the pending motion to dismiss is ripe for review and disposition, and a memorandum and recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may

consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

In support of its motion to dismiss, Defendant persuasively argues that Plaintiff's claims are barred by untimeliness or lack of jurisdiction. (Document No. 3). Defendant notes that to maintain an action under Title VII, a plaintiff must file an administrative charge with the EEOC within 180 days of the alleged misconduct. (Document No. 3, p.3) (citing 42 U.S.C. § 2000e-5(e)(1) and EEOC v. Commercial Office Products, 486 U.S. 107, 110 (1988); Bryant v. Bell Atlantic Maryland, 288 F.3d 124, 132 (4th Cir. 2002)).

Here, Plaintiff alleges she suffered discrimination based on her gender, and in retaliation for opposing unlawful employment actions, between September 13, 2013 and September 25, 2013. (Document No. 2-1, p.8). However, Plaintiff filed her EEOC "Charge Of Discrimination" on or about April 10, 2015, 562 days after the alleged misconduct. Id. Defendant contends that the 180-day time frame for the filing of the charge ended on March 24, 2014. (Document No. 3, p.5). Defendant concludes that Plaintiff's claims are time-barred based on her own failure to act within the limitations period established by Congress. Id.

Plaintiff's "Response" basically re-asserts her allegations of Defendant's alleged misconduct during her employment, but declines to rebut Defendant's argument, or to provide any legal authority supporting her contention that this matter should not be dismissed. (Document No. 8).

"Defendant's Reply…" succinctly notes that Plaintiff's response "did not address the applicable issue of whether the instant lawsuit was filed on a timely basis." (Document No. 9, p.1). Defendant concludes that Plaintiff has repeatedly chosen to avoid the issue of timeliness, and that dismissal of the case is warranted. (Document No. 9, pp.1-2).

Even viewing the "Complaint" and the "Response" in the most favorable light, the undersigned is convinced that pursuant to applicable legal authority Plaintiff has failed to state a claim upon which relief may be granted. The undersigned observes that seven (7) days after Plaintiff filed her "Charge Of Discrimination" (Document No. 2-1, p.8) alleging misconduct in September 2013, the EEOC issued its "Dismissal And Notice Of Rights" (Document No. 2-1, p.5) informing Plaintiff that her charge was not timely filed. To date, Plaintiff has failed to allege any facts or authority that would support a finding that the EEOC erred in its decision. As Defendant suggests, Plaintiff seems to be ignoring the precise issue before the Court.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 2) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 2, 2016

David C. Keesler
United States Magistrate Judge